# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00746-CV

### Betty Ann Newby, Appellant

### v.

### Judy Flanders, Meryle Barnett, Jeff Brain, Charles Gillingham, Pete Loftis, Tom Edmonds, Chris Coffman, David Willard, Henry Veach, and Larry Byrd, Appellees

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GN401552, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The trial court signed its order dismissing appellant's claims against the above named appellees (the "Borger Defendants") on August 26, 2004.[1]  Appellant filed a motion to have her claims against the Borger Defendants reinstated on September 29 and filed her notice of appeal from the order on November 24, 2004.  Having carefully reviewed the record, including all orders of dismissal and appellant's notice of nonsuit against several defendants, it appears that the August 26 order is not a final and appealable order because appellant's claims against several defendants remain alive in the trial court.  Specifically, appellant named as defendants Jack Young, Larry Foster,

---

[1] The order also transfers appellant's claims against Matt Armstrong and Van Foster to Hutchinson County.  However, in her notice of appeal, appellant states only that she wishes to appeal from the dismissal order.

Kenneth Coleman,[2] and Sam Biscoe,[3] and those putative defendants have not been dismissed or nonsuited from the cause.[4] Nor has appellant sought and obtained an order severing the dismissal of the Borger Defendants from the existing cause.

Based on our examination of the record, it appears that claims are yet pending against several defendants, and thus the order dismissing appellant's claims against the Borger Defendants is not a final order from which appeal may be taken. *See Park Place Hosp. v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) ("All parties and all issues before the trial court must be disposed of before a summary judgment becomes final and appealable."). We therefore dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed for Want of Jurisdiction

Filed: February 17, 2005

_____

[2] Appellant referred to Coleman as a defendant in a September 29 motion to reinstate the Borger Defendants, but it is not clear whether she properly named him as a defendant.

[3] Biscoe is named as a defendant in an order signed on May 14, 2004, severing appellant's claims against numerous defendants (referred to in the order as the "Travis County Defendants") into trial court cause number GN401552. Again, it is not clear whether appellant properly named him as a defendant.

[4] We further note that it does not appear that the claims against Armstrong and Foster, which were transferred to Hutchinson County by the same order from which appellant seeks to appeal now, were severed into a new cause separate from the claims remaining in Travis County.

2